# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

|  |  |
|---|---|
| ARON D. STITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 3:08CV678 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

This matter is before the Court to consider Plaintiff's objections to the Report and Recommendation ("R&R") entered by the Honorable Dennis W. Dohnal, United States Magistrate Judge, on September 22, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B), affirming the decision of the Administrative Law Judge ("ALJ") that the Plaintiff's disability ended on May 30, 2000. When a party files objections to a magistrate judge's R&R, the Court considers de novo those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1)(C).

Having considered the R&R, the entire record, and the objections and arguments of counsel, the objections to the R&R will be overruled; the R&R will be accepted and adopted; the Plaintiff's Motion for Summary Judgment will be denied; the Defendant's Motion for Summary Judgment will be granted; and the decision of the Commissioner will be affirmed.

## PLAINTIFF'S OBJECTIONS

The Plaintiff first objects to the Magistrate Judge's R&R on the ground that the ALJ improperly invalidated the results of a Wechsler Adult Intelligence Scale ("WAIS-III") test,

administered on October 23, 2006. (Pl.'s Obj. 1-4). As a preliminary matter, the Court notes that the ALJ did not "invalidate" the results of the WAIS-III test, as the Plaintiff contends; rather, he merely accorded the results "moderate weight" in the evaluation of the Plaintiff's condition as of May 30, 2000. (A.R. 30).

The ALJ discredited the results of this test for two significant and valid reasons. (A.R. 29). First, the ALJ observed that, although the psychologist who administered the test found the scores to be valid, the psychologist also noted that Plaintiff was not very interested in being interviewed, did not appear to be very motivated during the exam, "was on and off his cell phone throughout the diagnostic interview and mental status exam," and, accordingly, that Plaintiff might have scored higher if he had been more motivated. (A.R. 29, 317-23). Additionally, the ALJ discredited the results of the WAIS-III test because the results conflicted with the higher I.Q. scores earned on a Wechsler Intelligence Scale for Children ("WISC-III") test, administered on November 1, 2000. (A.R. 29-30). The ALJ accorded greater weight to the results of the WISC-III test than to those of the WAIS-III test, which post-dated the cessation of benefits by more than six years, because the results of the WISC-III test were more timely for the purpose of considering whether Plaintiff was disabled in May of 2000. (A.R. at 30).

Plaintiff asserts that his case is similar to Cortes v. Commissioner of Social Security, 255 Fed. Appx. 646 (3d Cir. 2007), wherein the Third Circuit Court of Appeals remanded the case for further proceedings because the ALJ failed to adequately substantiate his conclusion that Cortes was not afflicted by a severe mental deficiency, despite a provisional diagnosis of mental

retardation.[1]  Cortes, 255 Fed. Appx. at 651-52.  In reaching this conclusion, the ALJ had rejected the provisional diagnosis.  Id.  The Third Circuit noted that the ALJ did not reject or diminish the weight accorded to Cortes's subaverage test *score*; rather, the ALJ rejected the *diagnosis* of mental retardation.  See id. at 652 ("While, '[t]he Commissioner is not required to accept a claimant's IQ scores and may reject scores that are inconsistent with the record,' . . . in this case the ALJ does not purport to reject Cortes's IQ score. . . .  The ALJ notes that the final diagnosis of mental retardation was provisional, but this observation had nothing to do with the validity of Cortes's IQ score or the related conclusion that her intellectual functioning was subaverage.").  Here, in contrast, the ALJ diminished the weight accorded to one of Plaintiff's *scores* for the reasons noted above.  (A.R. 29-30).  An ALJ is permitted to do so where the score is inconsistent with the record.  Cortes, 255 Fed. Appx. at 652.  Cortes is, accordingly, inapposite to Plaintiff's argument.

Plaintiff further relies upon Powell v. Barnhart, No. 6:04cv00063, 2005 WL 1926613 (W.D. Va. Aug. 9, 2005).  Therein, the ALJ invalidated Powell's subaverage test score on the ground that there was evidence in the record that Powell "consumed too much alcohol and had given less-than-best efforts to other doctors."  Powell, 2005 WL 1926613, at *1.  The district court found that there was no evidence to support the ALJ's decision to invalidate the test score where there was no indication from the psychologist who rendered the test that Powell had been uncooperative during the examination or that the psychologist suspected Powell had been drinking.  Id. at 1, 4.  Here, in contrast, the ALJ discounted the October 23, 2006 WAIS-III score

---

[1] The diagnosis of mental retardation was considered provisional because Cortes was not diagnosed with mental retardation prior to turning age eighteen.

based, in part, upon observations made about Plaintiff's behavior on the day of the examination by the psychologist who administered the test. (A.R. 29, 317-23). Powell is, accordingly, distinguishable.

Upon review of the R&R, the Plaintiff's objections, and the record, the Court finds that the ALJ's decision to accord "moderate weight" to the Plaintiff's October 23, 2006 WAIS-III test score was supported by substantial evidence. Plaintiff's first objection is overruled.

For his second objection, Plaintiff contends that the ALJ improperly considered the November 1, 2000 WISC-III test in isolation, and therefore, incorrectly found that Plaintiff had less than marked limitation in acquiring and using information. (Pl.'s Obj. 4-7). Contrary to Plaintiff's assertion, the ALJ relied on more than just the November 1, 2000 WISC-III test results. (A.R. 27-30). The additional record evidence considered by the ALJ in concluding that the Plaintiff had less than marked limitation in acquiring and using information was sufficiently described by the Magistrate Judge in the R&R and need not be restated herein.

Plaintiff further argues that the ALJ should not have relied upon the November 1, 2000 WISC-III test results at all, reciting in support of this proposition record evidence of his test scores from December 1994 though October 2006. (Pl.'s Obj. 6-7). In doing so, Plaintiff is asking the Court to re-weigh the evidence considered by the ALJ. As noted by the Magistrate Judge in the R&R, the function of the Court is to determine whether the Commissioner's decision was supported by substantial evidence on the record and whether proper legal standards were applied in evaluating the evidence. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for

that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). In any event, the test scores recited by Plaintiff do not undermine the ALJ's decision. The first test, dated December 1994, was administered at a time when Plaintiff was considered by the Commissioner to be disabled. (A.R. 13, 297). It is not relevant to the question that was before the ALJ, and now before the Court, that is, whether the Plaintiff ceased to be disabled in May of 2000. Most of the other scores cited by Plaintiff were administered years after the May 2000 cessation date, and are also not particularly relevant to whether Plaintiff was disabled in 2000. (A.R. 156, 175, 211, 320). Upon review of the R&R, the Plaintiff's objections, and the record, the Court finds that the ALJ did not consider the November 1, 2000 test in isolation as the Plaintiff contends, and that the ALJ's decision is supported by substantial evidence of record. Plaintiff's second objection is overruled.

Plaintiff next objects on the ground that the ALJ failed to find Plaintiff disabled as an adult under the adult listing for mental retardation, 20 C.F.R. Part 404, Subpart P, Appendix 1. (Pl.'s Obj. 7-9). This argument was presented by the Plaintiff to the Magistrate Judge in Plaintiff's Motion for Summary Judgment. As noted by the Magistrate Judge in the R&R, inasmuch as the Plaintiff's disability benefits ended in May of 2000 when Plaintiff was eleven years old, the only issue before the ALJ was whether Plaintiff ceased to be disabled in 2000 pursuant to 20 C.F.R. § 416.994a(b), which pertains to children, not adults. Upon review of the R&R, the Court concludes that the Magistrate Judge properly considered this argument and correctly concluded that Plaintiff's assertion that the ALJ should have considered whether Plaintiff was disabled as an adult is lacking in merit.

Plaintiff's final objection is that the ALJ failed to include all of the claimant's limitations,

5

and specifically Plaintiff's intellectual functioning, in the hypothetical question posed to the vocational expert. (Pl.'s Obj. 9-12). This argument was also presented to the Magistrate Judge in Plaintiff's Motion for Summary Judgment. The Magistrate Judge considered this argument and properly concluded that it was without merit. Specifically, the Magistrate Judge found that because the regulations do not require the use of vocational expert testimony to evaluate a child's initial or continuing claim for disability benefits, the testimony given by the vocational expert at Plaintiff's hearing was not relevant. See 20 C.F.R. §§ 416.924, 416.994a. Any error committed by the ALJ in the course of questioning the vocational expert was harmless inasmuch as the ALJ did not rely upon the vocational expert's testimony in concluding that Plaintiff's disability ended as of May 30, 2000. Plaintiff's objection is, accordingly, overruled for the reason stated in the R&R.

## CONCLUSION

Having considered de novo the portions of the R&R to which Plaintiff has objected, the Court finds that the Magistrate Judge's findings of fact and conclusions of law were without error. The objections to the R&R will be overruled; the R&R will be accepted and adopted; the Plaintiff's Motion for Summary Judgment will be denied; the Defendant's Motion for Summary Judgment will be granted; and the decision of the Commissioner will be affirmed.

An appropriate Order shall issue.

/s/
Richard L. Williams
Senior United States District Judge

Richmond, Virginia
Dated: October 27, 2009